# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6414 | **DATE** | January 22, 2008 |
| **CASE TITLE** | Gregory Champion (#2006-0080031) vs. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $5.63 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ **[For further details see text below.]**     **Docketing to mail notices.**

## STATEMENT

    Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to a malicious prosecution and that jail officials failed to protect him from attack during a prior incarceration.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.63. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

However, Plaintiff must submit an amended complaint. First, there is no federal cause of action for malicious prosecution–at least where, as is the case in Illinois, state law provides a cause of action to address a malicious prosecution. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [Plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001)). Plaintiff must pursue any claim for malicious prosecution in state court.

Although the complaint mentions the matter only tangentially, apparently as an element of Plaintiff's damages for the malicious prosecution claim, it is possible that he may have a cause of action against jail officials for protecting him from attack. Assuming Plaintiff can establish that the assault was not "an unfortunate random act of violence" but rather that correctional officials acted with deliberate indifference to a known, substantial risk of harm, he may be entitled to damages. *See, e.g., Washington v. LaPorte County Sheriff's Department*, 306 F.3d 515, 519 (7th Cir. 2002).

However, the pleading on file does not name a proper Defendant. Uriel Cintron, the owner of the garage Plaintiff was accused of burgling, is presumably named as a Defendant in connection with Plaintiff's dismissed malicious prosecution claim. [Plaintiff is once again in jail, evidently on new charges.] Cintron would have had no involvement in the conditions of Plaintiff's confinement at the Cook County Jail; his complaint to the police that triggered the pretrial incarceration would not be the proximate cause of Plaintiff's injuries. Furthermore, in order to be liable under 42 U.S.C. § 1983, a Defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Consequently, Cintron is not a proper Defendant.

Nor does the complaint state a colorable claim against Cook County Sheriff Thomas Dart or Chicago Police Superintendent Dana Starks under the facts alleged. Plaintiff has stated no facts suggesting either Defendant's direct, personal involvement in the alleged violation of his constitutional rights, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual Defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Accordingly, Plaintiff **(CONTINUED)**

**STATEMENT (continued)**

must name the specific officers who allegedly acted with deliberate indifference to his safety (that is, those individual correctional officers who were aware Plaintiff was in danger but who failed to take any action to alleviate that risk).

As a final concern, the court notes that Plaintiff has made a material omission to the court. The court's civil rights complaint form instructed Plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 3, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

Despite the court's admonition, Plaintiff noted only one pending case, failing to mention three other prior federal cases, including two in which "strikes" were imposed against Plaintiff under 28 U.S.C. § 1915(g). Plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because Plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, the court will grant Plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. Nevertheless, Plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* FED. R. CIV. P. 11. Before submitting any motions or pleadings to the court, Plaintiff should therefore review the documents carefully to ensure that they are complete and accurate. Future misrepresentations to the court could lead to the imposition of sanctions, including dismissal of this case.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should drop Plaintiff's malicious prosecution claim and, in connection with the failure-to-protect claim, name as Defendants those correctional officers who personally and directly acted with deliberate indifference to Plaintiff's safety.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.