Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6414 | **DATE** | February 19, 2008 |
| **CASE TITLE** | Gregory Champion (#2006-0080031) vs. Sheriff Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

On the court's own motion, the amended complaint is dismissed on initial review as to Defendants Dooty and Judge pursuant to Fed. R. Civ. P. 18(a) and 20(a), as any claims regarding Plaintiff's conditions of confinement are misjoined. The City of Chicago is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has not alleged a municipal policy or custom underlying the alleged violations by Plaintiff's arresting officers. The clerk is directed to issue summonses for service of the amended complaint on Defendants Hoffman and Delia only. The clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to a malicious prosecution and that jail officials failed to protect him from attack during a prior incarceration. Plaintiff has submitted an amended complaint as directed. *See* Minute Order of January 22, 2008.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, he has articulated a colorable false arrest claim against Chicago police officers Hoffman and Delia. While a more fully developed record may belie Plaintiff's claims, Defendants Hoffman and Delia must respond to the complaint.

However, the court finds that Plaintiff has no viable federal cause of action against the City of Chicago. As noted in the court's prior order, the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.*

A local governmental entity is liable for damages only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004). A **(CONTINUED)**

mjm

**STATEMENT (continued)**

municipality can be said to have violated the rights of a person because of its policy when a widespread practice, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Campbell v. Miller*, 499 F.3d 711, 720 (7th Cir. 2007) (internal quotation marks and citations omitted). In this case, there is no suggestion that any express city policy caused or contributed to the alleged illegal arrest, nor has Plaintiff alleged a custom or usage with force of law that caused or condoned the alleged constitutional violation. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999) (collecting cases). A single act of misconduct will not suffice to show the requisite policy or custom. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997); *Calhoun v. Ramsey*, 408 F.3d 375, 380-81 (7th Cir. 2005).

Plaintiff's claims against Defendants Dooty and Judge are also dismissed. Plaintiff alleges that Dooty and Judge failed to protect him from an attack by a fellow detainee. These allegations are unrelated to his claim against the Defendant police officers and must be presented as part of an independent lawsuit. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Dooty and Judge are dismissed as Defendants in this action; the statute of limitations does not appear to pose an obstacle to refiling a separate suit against them.

The clerk shall issue summonses forthwith for service of the amended complaint. The United States Marshals Service is appointed to serve Defendants Hoffman and Delia. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Separate documents must be filed in connection with separate cases. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.